UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOY LEE JOHNSON,

       Petitioner,                                  Case Number: 06-13713-BC
                                                  Honorable Thomas L. Ludington

v.

BLAINE LAFLER,

       Respondent,
_____/

## ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Joy Lee Johnson, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of two counts of first-degree sexual criminal sexual conduct, Mich. Comp. Laws § 750.520b, and being a second-felony habitual offender, Mich. Comp. Laws § 769.10, on October 14, 2003 following a jury trial in the Calhoun County, Michigan circuit court. The petitioner was sentenced to concurrent terms of twenty-three to forty-five years in prison. In his application, the petitioner challenges a single aspect of his incarceration: he claims the state trial court erroneously scored his sentence under the Michigan State Sentencing Guidelines. The Court now concludes that the petition lacks merit on its face and therefore will dismiss it.

Federal courts are empowered to summarily dismiss a petition for a writ of habeas corpus if it plainly appears from the face of the petition or the attached exhibits that the petitioner is not entitled to habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (reasoning that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). In fact, Rule

4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll § 2254, codifies that ability and permits the Court to summarily dismiss a case on its own motion without a response from the State. The Sixth Circuit has explained that "Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." *Carson*, 178 F.3d at 436-37.

Here, the petitioner alleges that he is entitled to relief on the following ground:

Petitioner's state and federal due process rights to sentencing based on accurate information were violated by the trial court's erroneous scoring of Offense Variables 7 and 8 [of the Michigan Sentencing Guidelines].

He further alleges that the trial court used facts that had not been proven beyond a reasonable doubt before a jury as a basis for scoring his sentencing guidelines range. Correctly scored, the petitioner believes that this range would have been between 108 and 225 months. His sentence of twenty-three to forty-five years amounted to, in his view, an improper departure above the correct range.

The petitioner's claim lacks facial merit. First, the sentence of twenty-three to forty-five years fell within the statutory limits for first-degree criminal sexual conduct and being a second-felony habitual offender. *See* Mich. Comp. Laws § 750.520b(b)-(c) (setting a maximum "of life or any term of years, but not less than 25 years" but if previously convicted of a violation under that section or sections 520c, 520d, 520e, or 520g "by imprisonment for life without the possibility of parole"); *see also* Mich. Comp. Laws § 769.10 (imposing additional time for certain felony convictions). As a general rule, sentences imposed within the limits prescribed by state statute are not cognizable on federal habeas corpus review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Further, a sentence imposed within the statutory maximum fixed by statute ordinarily does not amount to cruel and unusual punishment.

*Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).  As a result, the petitioner's assertion the that state trial court incorrectly scored or calculated his sentencing range under the Michigan Sentencing Guidelines fails on its face. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006) (concluding that "[t]he petitioner's claim that the trial court incorrectly calculated the sentencing guidelines does not entitle him to habeas corpus relief. It is well-established that federal habeas corpus relief does not lie for errors of state law").  Even assuming the truth of the petitioner's allegation, he has set forth no ground for federal habeas relief.

The petitioner's related contention that the state trial court improperly departed above the appropriate guidelines range likewise is unavailing, and for a similar reason.  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in allegedly departing above the petitioner's guidelines range, alone, merits no habeas relief. *Ibid*.

Nonetheless, the petitioner contends that his rights under the Sixth Amendment were violated by the state trial court judge by using factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt.  For that proposition, he relies on the Supreme Court's landmark decision in *Blakely v. Washington*, 542 U.S. 296 (2004).  In *Blakely*, the Court held with respect to the Washington State Sentencing Guidelines that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

*Blakely*, however, is inapposite to the petitioner's claim in this case.  The *Blakely* Court

considered a state trial court's departure from a *determinant* sentencing scheme. Michigan, by contrast, utilizes an *indeterminate* sentencing system in which a criminal defendant is given a term with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W. 2d 778, 787 (2006); *People v. Claypool*, 470 Mich. 715, 730 n.14, 684 N.W. 2d 278, 280 (2004). In *Drohan*, the Michigan Supreme Court drew that distinction: "Michigan's sentencing guidelines, unlike the Washington guidelines at issue in Blakely, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161. Thus, under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range, *see People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 234 (2003), and the trial judge never can exceed the maximum sentence. *Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 280. Michigan's indeterminate sentencing scheme therefore does not implicate the Supreme Court's holding in *Blakely*.

The Court concludes that the petitioner has failed to set forth a cognizable ground for habeas corpus relief. The petitioner's contention that the state sentencing guidelines were incorrectly scored does not implicate his federal constitutional rights, and the Supreme Court's decision in *Blakely* likely has no application to Michigan's indeterminate guidelines.

Accordingly, is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

             s/Thomas L. Ludington
             THOMAS L. LUDINGTON
             United States District Judge

Dated: September 20, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2006.

> s/Tracy A. Jacobs
> TRACY A. JACOBS